```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BEVERLY TONEY                    *         CIVIL ACTION

VERSUS                           *         NO: 06-1816

RYAN'S FAMILY STEAK HOUSES,      *         SECTION: "D"(3)
INC.
```

## ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff, Beverly Toney. Defendant, Ryan's Family Steak Houses, Inc., filed a memorandum in opposition. The motion, set for hearing on Wednesday, February 14, 2007, is before the court on briefs, without oral argument. Now, having considered the memorandum of Plaintiffs' counsel, the record, and the applicable law, the court finds the motion should be granted.

In this matter, Plaintiffs initially filed suit in the 21st Judicial District for the Parish of Tangipahoa, State of Louisiana, claiming that she was a guest patron at Ryan's Family Steak House located in Hammond, Louisiana, and she sustained personal injuries when a toilet paper dispenser fell off the wall in the handicapped stall of the bathroom. (Petition at ¶II). While Plaintiff "prays

for such damages as are reasonable in the premises for her past and future pain and suffering, permanent damage to her person, loss of enjoyment of life, past and future medical expenses and past and future economic damages," (Petition at ¶ VII), Plaintiff does not describe what type of her injury resulted when the toilet paper dispenser allegedly fell.

Defendant, Ryan's Family steak House, Inc., removed the matter to this court asserting that the court has diversity jurisdiction. However, while there is no dispute that there is complete diversity of citizenship between Plaintiff and Defendant, Defendant has failed to show that it is facially apparent from Plaintiffs' Petition that Plaintiffs' damages (allegedly resulting from an injury Plaintiff sustained when a toilet dispenser fell) is likely to exceed $75,000, and Defendant has also failed to set forth "summary judgment type evidence" of facts in dispute that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Further, to resolve any ambiguity regarding the jurisdictional amount that existed at the time of removal, Plaintiff executed a post-removal Stipulation wherein Plaintiff  "stipulates that the damages sought in this matter do not meet the jurisdictional amount fo $75,000.00 exclusive of interest and costs under 28 USC 1332 and that plaintiff waives the right to enforce and/or collect any

2

judgment in excess of $75,000.00." (See Plaintiff's Stipulation, Doc. No. 10).[1]  Accordingly;

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**, remanding this matter to the 21st Judicial District for the Parish of Tangipahoa, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **14th** day of **February, 2007.**

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE

---

[1]     The court recognizes that Louisiana Code of Civil Procedure Article 893 provides:

> A. (1)  No specific amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand.  The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less that the requisite amount is required....

Here, Plaintiff did not make a general allegation in her Petition that her claim is less than the requisite amount for diversity jurisdiction in federal court.  While it would behoove Plaintiff's counsel to adhere to the requirements of La. C. C. Proc. Art. 893 in future cases, the court finds that the failure to make such an allegation in this case does not dispense this court from its duty to determine that it has subject matter jurisdiction.

3